UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KIMBALL ELECTRONICS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:23-cv-01515 |
| | ) |
| DIRECT COMPONENTS, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT DIRECT COMPONENT, INC.'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. § 1332, § 1441, and § 1446, and S.D. Local Rule 81, Defendant, DIRECT COMPONENTS, INC., by counsel, hereby removes the below State Court Action from the Dubois Circuit Court, State of Indiana, to the United States District Court for the Southern District of Indiana, Evansville Division. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. In further support of this removal, Defendant states as follows:

**PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

1. On or about July 26, 2023, Plaintiff, Kimball Electronics Group, LLC ("Kimball"), filed a Summons and Complaint in the Dubois County Circuit Court, State of Indiana ("State Court'), entitled "*Kimball Electronics, Group, LLC v. Direct Components, Inc.*," Cause No. 19C01-2307-PL-000428 (the "State Court Action") alleging three (3) counts of breach of warranties and one (1) count of fraud against the Defendant.

2. Defendant was served with a copy of the Summons and Complaint on or about August 1, 2023.

3. Plaintiff's Complaint alleges three (3) counts of breach of warranties related to components Kimball purchased from Defendant. *Compl*. at ¶¶ 5, 20, 27, 34, 36-43; (*see also Compl*. at Ex. 2-4).

4. Kimball alleges that Defendant sold Kimball components that were potentially counterfeit and therefore breached warranties, resulting in damages to Kimball. *Id*. at ¶¶ 5, 20, 27, 34.

5. Kimball alleges that Defendant made representations that it knew were false, specifically that the components supplied were not as warranted but were used or counterfeit and did not meet required specifications. *Id*. at ¶¶ 36-43.

6. Kimball requests judgment in its favor on all counts in an amount to be proven, including treble damages, attorneys' fees expenses and costs, interest, and all other proper relief. *Id*. at ¶¶ 21, 28, 35, 43.

7. Defendant denies any liability to Plaintiff and denies Plaintiff's claims in the Complaint.

8. No further proceedings have occurred in State Court.

9. Defendant removes this case based upon diversity jurisdiction.

**GROUNDS FOR REMOVAL**

10. This Court has jurisdiction over this matter, and it is properly removed in accordance with 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction.

11. Section 1441(a) allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

12. One such basis is diversity jurisdiction. For diversity jurisdiction to exist, the action must be between citizens of different States and the amount in controversy in the action must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). This action meets those requirements.

13. Diversity jurisdiction exists as Plaintiff is an Indiana limited liability company with its principal office located at 1205 Kimball Blvd., Jasper, Indiana 47546.

14. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

15. Upon information and belief, Plaintiff's sole member is Kimball Electronics, Inc., an Indiana corporation with its principal place of business in Jasper, Indiana.

16. Defendant Direct Components, Inc. is a corporation organized and existing under the laws of the State of Florida, with a principal office located at 5439 Beaumont Center Blvd., Suite 104, Tampa, Florida. 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

17. ""[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. In practice it should normally be the place where the corporation maintains its headquarters—provided that

3

the headquarters is … the "nerve center" …" *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). For Defendant, that place is Florida.

18. As the sole member of Plaintiff Kimball Electronics Group, LLC is an Indiana corporation and as Defendant is a citizen of Florida, complete diversity exists between the parties, and the diversity of citizenship requirement is satisfied. 28 U.S.C. § 1332(a).

19. Further, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant has a good faith belief that the amount in controversy, exclusive of interest and costs at issue exceeds the jurisdictional amount requirement of $75,000.

20. In the Complaint, Kimball asserts three causes of action against Defendant for breach of warranties — for these, Kimball seeks a judgment in an amount to be proven, including interest, attorneys' fees, expenses and costs of collection, and other relief as appropriate.

21. Kimball further alleges a cause of action for fraud - that Defendant knew that components it supplied to Kimball were not as warranted, which would permit Kimball to recover enhanced damages under Ind. Code § 34-24-3-1. Thus, Kimball seeks judgment in an amount to be proven, treble damages, interest, attorneys' fees, expenses and costs of collection, and other relief as appropriate.

22. The amount in controversy is measured "by what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Although Kimball's Complaint does not specify specific dollar amounts attached to its claim, removal is still possible so long as Defendant shows by a preponderance of the

evidence facts that suggest the amount-in-controversy requirement is met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). A good faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. *Id*. at 511.

23. Punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law. *LM v. Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 551 (7th Cir.2008); *see also Hunt v. DaVita, Inc.*, 680 F.3d 775, 777 (7th Cir. 2012) ("even a modest punitive-to-compensatory damages ratio of two or three to one could have led to an award in excess of $75,000").

24. While Kimball does not specify the amount of damages suffered, it is plausible that the damages would exceed $75,000 as Kimball's pre-suit demand was for $249,639.80. "A defendant can meet its burden of demonstrating the amount in controversy … by reference to the plaintiff's informal estimates or settlement demands…" *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (*citing Rising–Moore v. Red Roof Inns, Inc.,* 435 F.3d 813 (7th Cir.2006) (holding Rule 408 does not preclude referencing such a demand as it is not offered for purposes of liability but is used to show the stakes.)).

25. Based on Kimball's allegation that Defendant gained an advantage in the form of payment for the components, assuming the allegations in the Complaint are true, that amount exceeds $75,000.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

26. Defendant has the power to remove this action pursuant to 28 U.S.C. § 1441(A) and 1446(A).

27. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings received by Defendant and/or on file in the State Court Action are attached hereto as **Exhibit 1**.

28. Pursuant to 28 U.S.C. § 1446(b)(l), this Notice of Removal is timely because it was filed within 30 days after receipt of the Complaint.

29. This Court is in the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Dubois Circuit Court is located in the Southern District of Indiana, Evansville Division.

30. After filing this Notice of Removal, Defendant will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Dubois Circuit Court, State of Indiana, in accordance with 28 U.S.C. § 1446(d).

31. Pursuant to Local Rule 81-2(d), an additional copy of the operative Complaint in the State Court Action is attached hereto as **Exhibit 2.**

32. Contemporaneous with filing this Notice of Removal, Defendant is filing a separate notice listing any state court motions that remain pending at the time of removal pursuant to Local Rule 81-2(e)(1).

## NON-WAIVER OF DEFENSES

33. By removing this action from State Court, Defendant does not waive any defenses available to it.

34. By removing this action from State Court, Defendant does not admit any of the allegations in Plaintiff's Complaint.

## CONCLUSION

35. In sum: (1) complete diversity exists between the parties; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) the procedural requirements for removal have been met.

36. Accordingly, Defendant hereby removes this action to this Court and respectfully requests that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted,

ICE MILLER LLP

*/s/ Andrew J. Miroff*
Andrew J. Miroff, Atty. No. 21749-49
Angela M. Rinehart, Atty. No. 34753-49
One American Square, Suite 2900
Indianapolis, IN 46282-0200
Telephone: (317) 236-2100
Facsimile: (317) 236-2219
drew.miroff@icemiller.com
angela.rinehart@icemiller.com

## CERTIFICATE OF SERVICE

I certify that on August 24, 2023, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS), and the same was served upon all counsel of record via IEFS.

*/s/ Andrew J. Miroff*
Andrew J. Miroff

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282
(317) 236-2100
drew.miroff@icemiller.com

4891-6121-0999.2